**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ELNORSH DUCKWORTH**                                    **PETITIONER**

**VS.**                                    **CIVIL ACTION NO.: 1:11-CV-1-HSO-JMR**

**PRESTON GOFF**                                    **RESPONDENT**

---

## REPORT & RECOMMENDATION
---

This matter is before this Court on the Respondent's Motion [9-1] to Dismiss Pursuant to § 2244(d) which was filed on February 3, 2011. To date, Petitioner has not filed a response in opposition. Having considered the Respondent's Motion [9-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [9-1] is well-taken and should be granted. Accordingly, Duckworth's petition in the above-captioned action should be dismissed.

## PROCEDURAL HISTORY

Petitioner, Elnorsh Duckworth, was convicted by a jury in the Circuit Court of Harrison County, Mississippi for the sale of a controlled substance. On September 14, 2006, Duckwoth was sentenced as a habitual offender to serve twenty-five (25) years in the custody of the Mississippi Department of Corrections, without hope of probation or parole. (*See* Ex. "A" Attach Resp't Mot. [9-1] Dismiss.) On December 11, 2007, the Mississippi Court of Appeals affirmed Duckworth's conviction and sentence by a written opinion. *Duckworth v. State*, 989 So.2d 917 (Miss.Ct.App. 2007), *reh'g denied*, May 27, 2008, *cert. denied*, August 28, 2008 (Cause No. 2006-KA-01996-COA).

Respondent notes that neither the Mississippi Supreme Court Clerk's office nor the United States Supreme Court's docket reflect a petition for writ of certiorari to the United States Supreme Court filed by Duckworth. (Resp't Mot. [9-1] Dismiss 3.)  Duckworth filed an Application for Leave to File Motion for Post Conviction Relief with the Mississippi Supreme Court on October 20, 2009. (*See* Ex. "C" Attach. Resp't Mot. [9-3] Dismiss.)  The Mississippi Supreme Court ("MSC") denied Petitioner's request on December 9, 2009.  (*See* Ex. "D" Attach. Resp't Mot. [9-4] Dismiss.)  According to the MSC's website, on December 28, 2009, Duckworth filed a motion for reconsideration of the MSC's order denying his post-conviction relief motion. *See* http://www.mssc.state.ms.us/appellate_courts/generaldocket.html (search "Elnorsh Duckworth"; then follow "2009-M-01706" hyperlink) (last visited June 10, 2011).  The MSC denied Duckworth's motion for reconsideration on January 11, 2010. (*See* Ex. "E" Attach. [9-5] Resp't Mot. Dismiss.)

On January 3, 2011, Duckworth filed the instant Petition for Writ of Habeas Corpus.  On that same day, Duckworth filed a Motion for Leave to Proceed *in forma pauperis*.  The motion was denied by Order on January 5, 2011, and Petitioner was instructed to pay the requisite filing fee of $5.00 within twenty-one (21) days. (*See* Order [5].)  Petitioner paid the filing fee on January 18, 2011. (*See* Docket Entry on Jan. 18, 2011.)  On February 3, 2011, Respondent filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d).

## ANALYSIS

The Respondent argues that Duckworth's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (AEDPA).  A petitioner seeking federal *habeas* relief must file his federal petition within one year from the date on which "the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review" or "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," whichever came later. 28 U.S.C. § 2244(d)(1)(A) and (B). However, the one-year statute of limitations is subject to tolling for the period when a properly filed application for post-conviction relief or collateral review is pending. 28 U.S.C. § 2244(d)(2).

In the instant petition, Duckworth challenges his conviction of sale of a controlled substance in September 2006. (*See* Pet. [1-1].) Respondent argues that Duckworth's *habeas* petition should have been filed within one year of the date that Duckworth's conviction and sentence became final. Respondent claims that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Duckworth did not seek a writ of certiorari to the United States Supreme Court. As such, Duckworth's conviction became final on November 26, 2008 - ninety (90) days after his direct appeal in state court ended.[1] *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (stating that "a state prisoner's conviction becomes final for purposes of §2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired). Therefore, in accordance with the AEDPA's one year statute of limitations, Duckworth's *habeas*

---

[1] This date is calculated as ninety (90) days from August 28, 2008 - the date the Mississippi Supreme Court denied certiorari in Duckwroth's direct appeal.

petition was due by November 26, 2009. Thus, unless Duckworth complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state court motion for Post-Conviction Relief must have been filed before November 26, 2009, in order to toll the limitation period. *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). A review of the record indicates that Duckworth signed an Application for Leave to File Motion for Post-Conviction Relief on October 16, 2009, and it was filed in the MSC on October 20, 2009. The supreme court denied Duckworth's post-conviction motion on December 9, 2009. (*See* Ex. "D" Attach. [9-4] Resp't Mot. Dismiss.) Accordingly, Duckworth is entitled to statutory tolling under 2244(d)(2) for the period of time that his motion was pending in state court - a total of 54 days (October 16, 2009 to December 9, 2009).

Respondent notes that Duckworth also filed a motion for reconsideration of the December 9, 2009 order denying his post-conviction relief motion. The MSC's website notes that Duckworth's reconsideration motion was filed on December 28, 2009. On January 11, 2010, the MSC denied Duckworth's motion for reconsideration as improper pursuant to Mississippi Rule of Appellate Procedure 27(h) which does not allow for reconsideration motions on the denial of post-conviction relief motions. Respondent submits that this motion was not a "properly filed" motion under 28 U.S.C. § 2244(d)(2) and therefore did not toll the statute of limitations. (Resp't Mot. [9-1] Dismiss 4.) This Court disagrees.

A properly-filed state post-conviction application remains pending for tolling purposes until its final resolution through the ordinary state collateral review process. *Dixon v. Cain*, 316 F.3d 553, 554-55 (5th Cir. 2003); *see also* 28 U.S.C. § 2244(d)(2). A "properly filed application" for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements. *Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999). The Fifth Circuit has defined "procedural filing

requirements" as "prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review," such as rules governing notice and time, and also "a requirement that the petitioner obtain judicial authorization for the filing." *Id.* at 470 n.2. Additionally, the Supreme Court has held that, for the purposes of § 2244(d)(2), "[a]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) (citing *Villegas*, 184 F.3d at 469-70, *inter alia*).

M.R.A.P. 27(h) does not allow for a motion for reconsideration on the denial of a motion for leave to file for post-conviction relief. However, the MSC does not invariably apply M.R.A.P. 27(h) to procedurally bar motions for reconsideration on post-conviction relief motions. In *Wilbur v. State*, the MSC granted a *pro se* prisoner's motion for reconsideration on the MSC's order denying his application for leave to file a motion for post-conviction collateral relief. 2008 Miss. LEXIS 336 (Miss. June 26, 2008) (unpublished). Additionally, M.R.A.P. 27(h)(8) allows for a suspension of the rule when good cause is shown under Rule 2(c). The Fifth Circuit in *Emerson v. Johnson* considered whether a Texas prisoner's "suggestion for reconsideration" was "properly filed" under § 2244(d)(2), and thus triggered statutory tolling of the limitations period, despite a Texas rule that provided: "'No motions for rehearing or reconsideration will be entertained from a denial of relief without docketing of the cause. The court, however, may on its own motion, reconsider such initial disposition.'" 243 F.3d 931, 934 (5th Cir. 2001) (quoting TEX.R.APP.PROC. § 213(b)). Although the Fifth Circuit observed that this rule "seemingly provides no exceptions," the court determined that "the Texas Court of Criminal Appeals has entertained motions for reconsideration, notwithstanding the language in § 213(b)." *Id.* The court concluded in *Emerson* that the prisoner's "suggestion for reconsideration" had been "properly filed" although the language of § 213(b) might be read to

prohibit such a filing. *See id.* at 935.   As was the case in *Emerson*, the MSC has previously

entertained a motion for reconsideration on a denial of a post-conviction relief motion. *See Wilbur*,

2008 Miss. LEXIS 336.   Thus, as discussed *supra*, the Court finds that Duckworth's motion for

reconsideration that was filed with the MSC on December 28, 2009, is a "properly filed application"

for § 2244(d)(2) purposes and thus tolls the statute of limitations for an additional fourteen (14) days

(December 28, 2009 to January 11, 2010), for a total of sixty-eight (68) days of statutory tolled time.

Thus, absent additional statutory or equitable tolling, Duckworth's petition would have been due in

this Court on or before February 2, 2010 - 68 days after the November 26, 2009 deadline.[2]

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the

date that he delivered the petition to prison officials for mailing to the district court. *Coleman v.*

*Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).   In the present case, the earliest Duckworth "filed" his

petition was on December 28, 2010, the date it was postmarked.[3]   This date is 329 days past the

February 2, 2010 deadline for filing his federal *habeas* petition.   Duckworth's failure to file his

petition within the statutory deadline warrants dismissal of his petition.

---

[2] The Court notes that it does not have a copy of Duckworth's motion for reconsideration, and thus, it does not know on what date Duckworth presented the motion to the prison guards and whether it was timely filed or not.   Therefore, the Court refuses to address whether or not Duckworth's motion for reconsideration was a continuation of the ordinary state collateral review process. *See Dixon*, 316 F.3d at 554-55.   If it were, Duckworth may be entitled to an additional nineteen (19) days (December 9, 2009 to December 28, 2009) of statutory tolling. *See Wilson v. Cain*, 564 F.3d 702 (5th Cr. 2009); *see also Hooks v. Quarter man*, 224 Fed. Appx. 352 (5th Cir. 2007); *Emerson*, 243 F.3d 931.   However, the Court recognizes that even if Duckworth were entitled to an additional nineteen (19) days of statutory tolling, the additional tolling would not serve to make the instant federal *habeas* petition timely.

[3] The Court notes that Petitioner did not sign or date his *habeas* petition. (*See* Pet. [1-1].) However, a notary public signed Petitioner's Memorandum Brief in Support of his petition and dated her signature December 28, 2010. (Mem. [2-1] 3.)   Additionally, Petitioner signed his Financial Authorization that was included with his Motion for IFP and dated his signature December 28, 2010. (Mot. [3-1] 3.)   Since these documents were filed on the same date as Petitioner's Petition, January 3, 2010, and delivered to the Court in the same envelope [1-2], the Court is satisfied that December 28, 2010 is the earliest that Petitioner delivered his Petition to prison officials and thus "filed" his Petition.

Duckworth has not filed a response in opposition to Respondent's motion to dismiss, however, in his Petition he argues that his Petition should not be considered untimely because he was unaware of the AEDPA. (Pet. [1-1] 17.)  Specifically, Duckworth claims that he has been housed in the George County Correctional Facility since 2007, without a law library, and he did not have any knowledge of the AEDPA until he received the federal *habeas* application. *Id.*  Duckworth cites *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003) for the proposition that the State created an impediment to his filing of a timely petition. *Id.*  Section 2244(d)(1)(B) provides for statutory tolling as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> ...
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> ...

In order to invoke statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Duckworth must show that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton*, 334 F.3d at 436.

The petitioner in *Egerton*, argued that information pertaining to 28 U.S.C. § 2244(d)(1) was not available at any of the facilities in which he was housed and therefore he was precluded from filing his *habeas* petition pursuant to the AEDPA.  The *Egerton* Court noted that the petitioner was incarcerated during the enactment of the AEDPA, and it found that the state's failure to make the AEDPA, which contains the statute of limitations information, available to prisoners may be considered a state "impediment" to the petitioner's timely filing of his *habeas* petition for the purposes of invoking § 2244(d)(1)(B). *Id.* at 438-39.  The Court noted that analysis under §

2244(d)(1)(B) is highly fact dependant, and further noted that the state did not provide the magistrate

judge with any evidence whatsoever that a copy of the AEDPA was available to Egerton. *Id.*

Respondent has provided this Court with evidence that a copy of the AEDPA was available

to Duckworth during the limitations period, and he notes that Duckworth was incarcerated after the

AEDPA was enacted.  Respondent submits affidavits from the Director of the Inmate Legal

Assistance Program for the Mississippi Department of Corrections, Gia N. McLeod. (*See* Exs. "F,"

"G" Attach. [9-6, 9-7] Resp't Mot. Dismiss.) The affidavits aver that the first-step post-conviction

packet which contains (1) an explanation of the packet; (2) a separate document entitled the Basic

Explanation of the Appeals Process with information regarding the state and federal statute of

limitations relating to state and federal habeas deadlines; (3) the post conviction process; and (4) all

relevant post-conviction statutes is available to inmates upon request. (*See* Ex. "F" Attach. [9-6]

Resp't Mot. Dismiss.)  Ms. McLeod notes that all inmates have access to legal assistance through

the ILAP, and access is gained by completing and submitting a request for legal assistance.  The

request need not be specific; a general request seeking assistance will result in a conference to

determine the stage of the case and the next step.  Through the program, inmates can request legal

research and even request a meeting with a lawyer if necessary.  All relevant state and federal case

law, statutes, rules and secondary sources are available to inmates (and have been since the inception

of the program in December 1997).  Upon entry into MDOC, all inmates are provided a handbook

which sets forth, among other things, the operation of the ILAP, what assistance is provided, and

how to get help from the program. (*See* Ex. "G" Attach [9-7] Resp't Mot. Dismiss.)  Additionally,

in the County Regional Facilities and County Jails, such as George County Correctional Facility

where Petitioner was housed, memos are provided every six months and posted for inmates to view

that provide information on how to gain assistance from ILAP. *Id.*  Thus, Duckworth had access to

legal materials while in the custody of the MDOC. *see also Neal v. Bradley*, 2006 U.S. Dist. LEXIS 69395, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (discussing the availability of information to Mississippi inmates regarding federal habeas relief and the statutes governing federal habeas actions and, citing to Ms. McLeod's affidavit, finding that "all inmates in the custody of the MDOC have access to legal materials.").

The Court notes that Duckworth has not responded to Respondent's motion to dismiss, and thus, he has not refuted Respondent's evidence nor made any attempt to explain why these measures were inadequate. The Court finds that copies of the AEDPA were available to Duckworth through the ILAP program, and that Duckworth had access to this Act.  Duckworth has not provided any evidence that he was unaware of the AEDPA during the time he was incarcerated, that he was denied access to a copy of this Act, or that he was at any time denied legal assistance through the ILAP program.  Accordingly, the Court finds that Duckworth has failed to show that a state created impediment tolled the applicable statute of limitations under the AEDPA.

Additionally, Duckworth fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling.  Generally, equitable tolling is only available in rare circumstances.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  As the Supreme Court has stated, "[t]o be entitled to

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "Excusable neglect does not support equitable tolling." *Ott*, 192 F.3d at 513-14. As noted above, Duckworth has failed to respond to the Respondent's Motion [9-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling. Ignorance of the law or of deadlines does not justify equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S. Ct. 622, 148 L. Ed. 2d 532 (2000) (ignorance of law held insufficient to toll statute of limitations); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000), quoting *Rashidi*, 96 F.3d at 128 (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant... or prevented in some extraordinary way from asserting his rights."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) *cert. denied*, 528 U.S. 1007, 120 S. Ct. 504, 145 L. Ed. 2d 389 (1999) (unfamiliarity with legal process does not merit equitable tolling). Therefore, Duckworth's Petition is time-barred by § 2244(d).

Had Duckworth advanced his claims within a reasonable time of their availability, he would not now be facing any time problem. Duckworth sat on his rights for over a year before seeking to file a post-conviction motion in state court; whereby only gaining sixty-eight (68) days of statutory tolling on the statute of limitations. Subsequently, he filed his *habeas* petition in this court almost a full year past the deadline. Furthermore, Duckworth has not set forth any extraordinary circumstances justifying his delay in filing his *habeas* petition, and, thus, he has not demonstrated that equitable tolling should apply. Under long-established principles, Duckworth's lack of diligence

precludes equity's operation. *See Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L. Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")).  Because Duckworth filed his federal *habeas* petition beyond the deadline, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations.

## RECOMMENDATION

Duckworth's conviction and sentence became final on November 26, 2008.  Additionally, Duckworth properly filed post-conviction applications, as contemplated by 28 U.S.C. § 2244(d)(2), in state court that tolled the statute of limitations for sixty-eight (68) days.  Thereafter, Duckworth had until February 2, 2010, to file a federal petition for a writ of *habeas corpus*.  At the earliest, Duckworth filed his federal *habeas* petition on December 28, 2010, some 329 days past the February 2, 2010 deadline.  To date, Duckworth has failed to respond to the Respondent's Motion [9-1] to Dismiss.  Also, Duckworth has not cited any rare or extraordinary circumstances that warrant equitable tolling of the limitation period.  Therefore, as detailed above, this Court finds that Duckworth is entitled to neither additional statutory nor equitable tolling.  It is the recommendation of this Court that Duckworth's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.

Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[4]

THIS the ___13th___ day of June, 2011.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.