**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ELNORSH DUCKWORTH** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 1:11cv1HSO-JMR**

**PRESTON GOFF** **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTION, OVERRULING RESPONDENT'S OBJECTION AS MOOT, ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Elnorsh Duckworth's ["Duckworth"] Objection [13-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [10-1] entered in this cause on June 13, 2011. Also before the Court is Respondent's Objection to the Report and Recommendation [12-1], and his Motion to Dismiss [9-1] Duckworth's *habeas corpus* Petition based on the provisions of 28 U.S.C. § 2244(d). Respondent contends that the Petition was not timely filed and should be dismissed. The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the positions advanced in the Motion and Objections, and concludes that Duckworth's Petition was untimely filed under 28 U.S.C. § 2254(d). Duckworth's Objection should be overruled, Respondent's Objection should be overruled as moot, and Respondent's Motion should be granted.

## I. FACTS AND PROCEDURAL HISTORY

In September 2006, Duckworth was convicted of sale of a controlled substance

by a jury in the Circuit Court of Harrison County and sentenced as a habitual offender to serve twenty-five (25) years in the custody of the Mississippi Department of Corrections ["MDOC"], without the possibility of parole. Ex. "A" to Resp. Mot. to Dismiss. Duckworth's conviction and sentence were affirmed by the Mississippi Court of Appeals on December 11, 2007. *Duckworth v. State,* 989 So. 2d 917 (Miss. Ct. App. 2007), *reh'g denied*, May 27, 2008, *cert. denied*, August 28, 2008 (Cause No. 2006-KA-01996-COA); *see also* Ex. "B" to Resp. Mot. to Dismiss.

Duckworth filed an Application for Post-Conviction Relief in state court on October 16, 2009[1], which the Mississippi Supreme Court denied on December 9, 2009. *See* Ex. "C" to Resp. Mot. to Dismiss. Duckworth filed a Motion for Reconsideration of this ruling, which the Mississippi Supreme Court denied on January 11, 2010. *See* Ex. "D" to Resp. Mot. to Dismiss, Order dated January 11, 2010.[2]

Duckworth filed the instant Petition on January 3, 2011. Ct. R., Doc. 1. In the Report and Recommendation filed June 13, 2011, the Magistrate Judge recommended that Respondent's Motion to Dismiss be granted, and that Duckworth's Petition be dismissed as untimely filed under § 2244(d). Based upon its review, the Court finds that the Magistrate Judge's Report and Recommendation is

---

[1]Duckworth's Application was signed on October 16, 2009, and stamped filed on October 20, 2009. In order to give Duckworth every benefit of the doubt, the Court will construe October 16, 2009, as the filing date.

[2]The issue of this pleading being properly filed for purposes of equitable tolling is addressed in a subsequent section of this opinion.

well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards. As discussed in more detail below, the Court will therefore overrule Duckworth's Objection, and adopt the Magistrate Judge's Report and Recommendation as the opinion of this Court. Respondent's Objection [12-1] will be overruled as moot, Respondent's Motion to Dismiss [9-1] will be granted, and Duckworth's Petition [1-1] for Writ of Habeas Corpus will be dismissed.

## II. DISCUSSION

### A. Standard of Review

Because Objections have been filed to the Magistrate's Report and Recommendation [13-1], this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

Duckworth's *habeas* petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. *Green v. Johnson* 116 F.3d 1115, 1119-20 (5th Cir. 1997). The AEDPA, 28 U.S.C. § 2244(d)(1), imposes a limitation period for filing

*habeas* petitions, and provides in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Thus, under AEDPA, the time period for timely filing a *habeas* petition can be tolled by the pendency of a properly filed motion for post-conviction relief in the state court. 28 U.S.C. § 2244(d)(1).

The one-year statute of limitations on *habeas* petitions begins to run when the judgment of conviction becomes final, not when the petitioner becomes aware that the judgment is final. 28 U.S.C. § 2244(d)(1)(A); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002); *Moore v. Dretke*, 186 F. App'x 536, 539 (5th Cir. 2006). A petitioner's *pro se* status, illiteracy, deafness, or lack of legal training will not excuse the untimely filing of a *habeas* petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

**B. The Magistrate's Conclusion that the Petition is Time-Barred**

As a threshold matter, the Magistrate Judge correctly determined that

Duckworth's Petition is time-barred. Report and Recommendation [10-1], at p. 6. Respondent raised this issue in his Motion to Dismiss, to which Duckworth filed no response. The Court notes that while Duckworth raises objections to the Report and Recommendation, they neither address the timeliness of his Petition, nor do they assert any grounds for additional equitable tolling of the one year limitation period of 28 U.S.C. § 2244(d).

With respect to issues as to which no objection has been raised, Rule 72(a) of the Federal Rules of Civil Procedure states that the ruling of a magistrate judge is reviewed under a deferential standard, requiring that the order be upheld unless it is clearly erroneous or contrary to law. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court must determine if, in this case, the Report and Recommendation was clearly erroneous or contrary to law in its method of calculating the applicable statute of limitations for filing *habeas* claims under the AEDPA.

Duckworth filed his Application for Leave to File Post Conviction Collateral Relief in state court on October 16, 2009. The Mississippi Supreme Court denied the Application on December 9, 2009. While this motion was pending in the state court, Duckworth was entitled to statutory tolling under § 2244(d)(2) for a total of fifty-four (54) days (October 16, 2009, to December 9, 2009). Because his conviction became final on November 26, 2008, ninety (90) days after the Mississippi Supreme Court denied *certiorari* on Duckworth's direct appeal, absent additional statutory or equitable tolling, Duckworth's Petition for *habeas* relief would have been due in this

Court on or before January 19, 2010. *See United States v. Flores*, 135 F.3d 1000, 1005-6 (5th Cir. 1998).

In this case, the doctrine of equitable tolling was applied to encompass the fifty-four (54) day period Duckworth's Application was pending in the Mississippi Supreme Court. Duckworth has not shown any "rare and exceptional circumstances" to warrant additional equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998); *see also Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006); *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002).

As set forth in the Report and Recommendation, in conformance with AEDPA's one year statute of limitations, Duckworth's *habeas* petition was due by January 19, 2010. Duckworth did not file his Petition until January 3, 2011, almost one year beyond the established deadline. Ct. R., Doc. 1. This Court cannot say that the Magistrate's determination that the Petition was untimely was clearly erroneous or contrary to law. The Court concludes that Duckworth's Petition is therefore time-barred.

**C. Duckworth's Objection to the Report and Recommendation**

Duckworth objects to the findings contained in the Report and Recommendation and asserts that he is being held in violation of the safeguards of the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, Duckworth maintains that his counsel was ineffective when he failed to call a witness, Gail Cawthon, to testify at Duckworth's trial, and when he "intentionally" failed to "preserve for appeal his own objection to an inconsistent

ruling by the trial judge." Pet.'rs Obj., p. 15. Duckworth argues that he has shown a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at p. 16.

Even assuming his Petition were timely, Duckworth has not shown that his counsel's performance fell below an objective standard of reasonableness. Nor has he shown the requisite prejudice under *Strickland*. *See id.* Thus, federal *habeas* review of his claims is barred.

Duckworth next argues actual innocence. In relevant part he submits that:

> Duckworth and [Gail] Cawthon were arrested and transported to the Gulfport Police Department. Duckworth maintained innocence, however Cawthon gave a statement at arrest and after she was Mirandized that the crack was hers and that she did not get it from Duckworth.

Pet.'rs Obj., p. 12.

> Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact.

*Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998)(citing *Herrera v. Collins,* 506 U.S. 390, 400 (1993)).

For the first time in his Objection [15-1] to the Respondent's Notice[3] [14-1], Duckworth raises the issue of newly discovered and available evidence. However, Duckworth fails to specify the nature of such evidence. Obj. to Resp.'s Not. at p. 3.

---

[3]In this Notice, Respondent informed the Court that it would not be filing a Reply or additional pleadings in response to Duckworth's Objection.

Duckworth's objection does not address the Magistrate's conclusion that the Petition is time-barred. Even assuming his Petition was timely filed, the Court finds that Duckworth's Objection is not well taken and should be overruled.

**D. Respondent's Objection to the Report and Recommendation**

Respondent agrees with the Magistrate Judge's ultimate conclusions that: 1) Duckworth's Petition was time-barred; and 2) Duckworth was not entitled to equitable tolling. Respondent takes issue, however, with the Magistrate's specific finding that Duckworth's Motion for Reconsideration, filed in the Mississippi Supreme Court, was a properly filed motion for purposes of equitable tolling under 28 U.S.C. § 2244(d) (emphasis supplied). On December 28, 2009, Duckworth filed his Motion for Reconsideration. The Mississippi Supreme Court denied the Motion on January 11, 2010, finding that "a motion for reconsideration on a motion for post-conviction relief is not allowed, pursuant to Rule 27 (h) of the RULES OF APPELLATE PROCEDURE." Ex. "E" to Resp.'s Mot. to Dismiss.

The Court finds that it need not resolve Respondent's Objection, which is rendered moot inasmuch as the facts of this particular case do not require the Court to pass upon the merits of this question. Regardless of whether this additional time is incorporated for equitable tolling, the outcome is the same in this case, and the instant Petition was not timely filed.

## III. CONCLUSION

The Court, after thorough review and consideration the Petition [1-1], Respondent's Motion to Dismiss [9-1], the related pleadings, the findings in the Report

and Recommendation [10-1], Duckworth's Objection [13-1], Respondent's Objection [12-1], and the record as a whole, finds that Duckworth's Objection is not well taken or supported by the record, and should be overruled. The Court further finds that the Magistrate's Report and Recommendation [10-1] should be adopted as the finding of the Court, and that Respondent's Objection is rendered moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Duckworth's Objection [13-1] to the Report and Recommendation entered in this cause on July 25, 2011, should be, and hereby is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Objection [12-1] to the Report and Recommendation entered in this cause on June 23, 2011, should be, and hereby is **OVERRULED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [10-1] of Chief Magistrate Judge John M. Roper entered on June 13, 2011, should be and hereby is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion to Dismiss [9-1] should be and hereby is **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of September, 2011.

s/ Halil Suleyman Ozerden

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE