# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ELNORSH DUCKWORTH**                                                         **PETITIONER**

**VS.**                                        **CIVIL ACTION NO. 1:11cv1-HSO-JMR**

**PRESTON GOFF**                                                                **RESPONDENT**

## REPORT & RECOMMENDATION

This matter is before this Court on the Petitioner, Elnorsh Duckworth's [Duckworth] Motion [25] for Relief from Final Judgment which was filed on December 28, 2011. Duckworth contends that the Court, in its September 28, 2011, order, found that Duckworth's petition for *habeas corpus* relief was time barred. (Ct. R., Doc. 25, p. 1.) Duckworth claims that no consideration was given to his assertion that he was delayed in presenting his *habeas* petition by factors outside his control. (*Id.*, p. 2.) Having considered the Motion [25], along with the entire record and the applicable law, this Court finds that the Motion is not well-taken and should be denied.

## PROCEDURAL HISTORY

Petitioner, Elnorsh Duckworth, filed a notice of appeal on October 12, 2011, following the entry of the Court's Order Adopting Report and Recommendation and the Final Judgment on September 28, 2011. (Ct. R., Doc. 17.) Duckworth was granted leave to appeal in forma pauperis on November 9, 2011, and the appeal record was sent to the Court of Appeals on January 19, 2012. (Ct. R., Docs. 20, 29.)

The Respondent, Preston Goff [Goff], asserts that the Court lacks jurisdiction to rule on the instant motion because Duckworth filed his Notice of Appeal. (Ct. R., Doc. 26, p. 2.) Goff

maintains that Duckworth raises essentially the same argument he brought in his objections, which is that his petition should not be dismissed as untimely. (*Id.*, p. 3.) According to Goff, nothing new is presented to permit the Court to find that the *habeas* petition was timely filed, and because there is nothing new before the Court at this time, there are no grounds for relief under Federal Rule of Civil Procedure 60(b). (*Id.*, pp. 2-3.)

## ANALYSIS

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004). Judgment was entered in this case on September 28, 2011, and the motion for relief under Rule 60(b) was filed on December 28, 2011, which is well beyond the twenty-eight day time period for relief under Rule 59(e). Certain factors are utilized in the Court's consideration of a motion under Rule 60(b) which are as follows: (1) final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) if the judgment was a default or a dismissal in which there was no consideration of the merits, whether the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) if the judgment was rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *United States v. Gould,* 301 F.2d 353, 355-6 (5th Cir. 1962), *quoting* 7 Moore's *Federal Practice* ¶ 60.19, at 237-9.

Also relevant in this case is the general rule that a notice of appeal divests the district

court of jurisdiction "except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *Id.* (citation to federal practice treatise omitted). A court may, however, "consider on the merits and *deny* a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal." *Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). Because Duckworth filed his federal *habeas* petition beyond the deadline, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations. Duckworth has not presented any basis to warrant relief from the judgment in this case. The Court, therefore, finds that Duckworth's Motion for Relief from Final Judgment [25] should be denied.

## **RECOMMENDATION**

This Court finds that Duckworth has presented nothing to establish that he is entitled to relief from the judgment in this case, the Court concludes that the motion should be denied. It is the recommendation of this Court that Duckworth's Motion for Relief from Final Judgment [25] should be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later June 14, 2012, than may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to

proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[1]  A copy of this report and recommendation has been forwarded to the Plaintiff at his last known address by certified mail, return receipt requested.

  THIS the ___31st___ day of May, 2012.

            ___s/ John M. Roper, Sr.___
            CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.