IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELNORSH DUCKWORTH                                              PETITIONER

VERSUS                              CIVIL ACTION NO. 1:11cv1HSO-JMR

PRESTON GOFF                                                   RESPONDENT

**ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING
REPORT AND RECOMMENDATIONS, AND DENYING
PETITIONER'S MOTION FOR RELIEF FROM FINAL
JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**

This matter is before the Court on Petitioner Elnorsh Duckworth's ["Duckworth"] Objections [37] to the Report and Recommendations [35] of Chief United States Magistrate Judge John M. Roper entered in this cause on May 31, 2012. Respondent filed a Notice [38] of Intention Not to File Formal Response to Petitioner's Objection on June 15, 2012.[1]

I. DISCUSSION

A. Legal Standard

Because an Objection has been filed to the Magistrate's Report and Recommendations [37], this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a *de novo* review by

---

[1]On January 17, 2012, Respondent Preston Goff filed a Response [26] in Opposition to Petitioner's Motion for Relief from Final Judgment pursuant to FED. R. CIV. P. 60(b) [25].

an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

B.  <u>Analysis</u>

In his Objection, Duckworth requests that this Court reconsider its ruling and not adopt the proposed Report and Recommendations [10]. Obj. [37], at p. 3. Duckworth seeks reconsideration and adjudication on the merits of his asserted habeas claims. *Id*. at pp. 2-3.

The Magistrate Judge considered Duckworth's Motion for Relief from Final Judgment pursuant to FED. R. CIV. P. 60(b), and concluded that Duckworth failed to present "any basis to warrant relief from the judgment in this case.'" The Magistrate Judge noted that this Court "may 'consider on the merits and *deny* a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal.'" Report and Recommendations [35], at p. 3 (quoting *Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004)).

Federal Rule of Civil Procedure 60(b) states, in part, as follows:

> On motion and just terms, the court may relieve a party . . . from a final judgment, . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

2

> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

The Court finds that Duckworth has failed to proffer any evidence or argument which suggests that one or more of the grounds listed in Rule 60(b)(1)-(5), is applicable in this case. The cases cited and legal arguments proffered in Duckworth's Objections to the Report and Recommendations have previously been considered by this Court.

To the extent Duckworth's Motion implicates the catch-all provision contained in Rule 60(b)(6), extraordinary circumstances, which "rarely occur in the habeas context," must be shown in order to reopen a final judgment. *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005); *see also Bates v. Denmark*, 2011 WL 1498885 *1 (S.D. Miss. Apr. 19, 2011). While Duckworth urges this Court to reconsider its prior ruling and adoption of the Report and Recommendations, the Court concludes that, for the same reasons contained in its Order [16] adopting the Report and Recommendations of Magistrate Judge [10], the dismissal of Duckworth's § 2254 action as time-barred was proper. The Court is therefore of the opinion that Duckworth has not demonstrated that extraordinary circumstances exist justifying relief from the Court's entry of final judgment.

Based on this review, the Court finds that the Magistrate Judge's Report and Recommendations are well reasoned, and that they correctly find the applicable

3

facts and apply the governing legal standards.

## II. CONCLUSION

For the reasons stated herein, after thoroughly reviewing the findings in the Report and Recommendations, in addition to the positions advanced in Duckworth's Objections [37] and the relevant legal authorities, the Court finds that Duckworth's Objections should be overruled, the Magistrate's Report and Recommendations [35] entered on May 31, 2012, should be adopted as the findings of the Court, and Duckworth's Motion [25] for Relief from Final Judgment pursuant to FED. R. CIV. P. 60(b) should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Elnorsh Duckworth's Objections [37] to the Report and Recommendations filed in this cause on June 14, 2012, are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [35] of Chief Magistrate Judge John M. Roper entered on May 31, 2012, are adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner's Motion [25] for Relief from Final Judgment filed December 28, 2011, is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 9th day of August, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE